**D. V. STAPLETON, Appellant,**

v.

**John W. MACY, Jr., et al., Individually and as Members of the Civil Service Commission, Appellees.**

**No. 16683.**

United States Court of Appeals District of Columbia Circuit.

Argued June 7, 1962.

Decided June 28, 1962.

Mr. Donald M. Murtha, Washington, D. C., with whom Mr. Herbert S. Thatcher, Washington, D. C., was on the brief, for appellant.

Mr. Edward Berlin, Attorney, Department of Justice, of the bar of the Court of Appeals of New York, pro hac vice, by special leave of court, with whom Asst. Atty. Gen. William H. Orrick, Jr., Messrs. David C. Acheson, U. S. Atty., and Alan S. Rosenthal, Attorney, Department of Justice, were on the brief, for appellees. Mr. Jerry C. Straus also entered an appearance for appellees.

Before BAZELON, WASHINGTON and WRIGHT, Circuit Judges.

## PER CURIAM.

The Smith-Hughes Act [1] makes federal funds available to states providing vocational education pursuant to a plan prepared by themselves but approved by the Department of Health, Education and Welfare. Appellant was employed by the State of Mississippi in such a program from 1924 to 1928 as a Supervisor and Itinerant Teacher-Trainer of Agriculture. He now claims that those years should be counted as part [2] of his period of creditable service under Section 3 of the Civil Service Retirement Act. 5 U.S.C.A. § 2253. After due proceedings, the validity of which is not attacked, the Civil Service Commission rejected the claim on the ground that appellant's employment in the Mississippi vocational training program was not as an "employee" of the Federal Government. See 5 U.S.C.A. §§ 2251(a), 2251(k), 2253(a). The District Court dismissed appellant's application for Declaratory Judgment.

The Commission concluded appellant's employment with the State of Mississippi was not as a federal employee and was, therefore, not creditable, because (1) appellant was not appointed or employed by a federal officer in his official capacity as such; (2) he was not under the supervision and direction of a federal officer; and (3) he was employed in a program which was essentially a state function. We think these long-established criteria [3] have a "reasonable basis in law" and the findings have "warrant in the record." Unemployment Comm. v. Aragon, 329 U.S. 143, 154, 67 S.Ct. 245, 91 L.Ed. 136. The judgment of the District Court will accordingly be

Affirmed.

---

1. 20 U.S.C.A. § 11 et seq.

2. Appellant has been a federal employee since 1928.

3. Appellant does not really dispute the validity of the criteria, but rather the finding that his employment failed to satisfy them. These criteria have been consistently adhered to by the Commission since their adoption in 1944, despite persistent efforts to change them legislatively so as to permit retirement credit for employment under the Smith-Hughes Act. See H.R. 600, H.R. 2523, H.R. 2751, H.R. 5852, H.R. 9241, 86th Cong., 1st Sess.; S. 578, S. 2549, H.R. 2022, H.R. 2023, H.R. 4762, H.R. 5151, 85th Cong., 1st Sess.; S. 3512, H.R. 10074, 85th Cong., 2nd Sess.; S. 496, S. 1041, H.R. 139, H.R. 379, H.R. 1789, H.R. 3687, H.R. 3799, H.R. 4513, H.R. 5144, 84th Cong., 1st Sess.; H.R. 12052, 84th Cong., 2nd Sess.; S. 420, S. 1780, H.R. 521, H.R. 1553, 83rd Cong., 1st Sess.; S. 1019, H.R. 2868, 82nd Cong., 1st Sess.; S. 1275, H.R. 3839, H.R. 5231, 81st Cong., 1st Sess.; H.R. 5267, 79th Cong., 1st Sess.